```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION


WCI COMMUNITIES, INC.,

                  Plaintiff,

vs.                                  Case No.  2:06-cv-281-FtM-29DNF

EVANSTON INSURANCE COMPANY,

                  Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Remand and Attorneys' Fees and Costs (Doc. #4), filed on June 16, 2006.  Defendant filed a Memorandum of Law in Opposition (Doc. #6) on June 23, 2006.

**I.**

The Complaint (Doc. #13) was originally filed in state court on July 22, 2005.  The Complaint alleged that plaintiff had entered into a 2002 and a 2003 Commercial General Liability Policy with defendant providing insurance coverage for plaintiff's development of Portofino, a luxury condominium.  The Complaint further alleged that the general contractor's work on Portofino was defective, and resulted in plaintiff incurring expenses which exceeded $7 million.  Plaintiff submitted a claim to defendant under its two policies, but defendant refused to defend or indemnify plaintiff.  The Complaint contains three counts: Count I sought a declaratory judgment; Count II alleged breach of contract relating to the 2002

Policy; and Count III alleged breach of contract relating to the 2003 Policy.

Defendant was properly served with the summons and Complaint on July 28, 2005. Defendant asserts that its counsel contacted counsel for plaintiff, advised that the Complaint was contrary to well-established law, and was given an indefinite time in which to answer while plaintiff contemplated filing an amended complaint. When plaintiff took no further action, defendant filed an Answer, Affirmative Defenses, and Counterclaim for Declaratory Relief (Doc. #3) on June 7, 2006. Also on June 7, 2006, defendant filed a Notice of Removal (Doc. #1) to federal court on the basis of diversity jurisdiction. Plaintiff now seeks to remand the case to state court because the Notice of Removal was untimely.

## II.

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000.) A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332. Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000.) It is not contested in this case that there is complete diversity of citizenship and that the amount in controversy exceeds the jurisdictional amount.

While the case thus qualifies for removal to federal court, the federal statutes require that certain procedures be followed. 28 U.S.C. § 1446. As to the timing of the required notice of removal, the statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Defendant was properly served with the summons and Complaint on July 28, 2005, thus triggering the thirty day period in which to remove the action to federal court. Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Defendant filed its Notice of Removal on June 7, 2006, over ten months after service. Therefore, the Notice of Removal was untimely, and the case must be remanded to state court unless there is some justification not to do so.

Defendant puts forth three reasons why remand should not be ordered. Defendant argues that plaintiff represented that an amended complaint "might" be filed, and this "caused Evanston to take no action initially." (Doc. #6, p. 6.) Alternatively, defendant argues that the 30-day time limit is a mere formality, and is not jurisdictional. Finally, defendant argues that it could have filed its counterclaim directly in federal court, and

therefore should be allowed to proceed with at least this aspect of the case. The Court finds none of the reasons persuasive.

It is clear that the 30-day period is not jurisdictional, since a plaintiff who fails to file a motion to remand within thirty days of an untimely removal will have waived the procedural defect. 28 U.S.C. § 1447(c); Wilson v. General Motors Corp., 888 F.2d 779, 781 n.1 (11th Cir. 1989.) The thirty day limitation is enforceable when asserted by plaintiff, Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245-46 (11th Cir. 2004), or a plaintiff may acquiesce to federal jurisdiction and forgive any procedural errors in removing the case. Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc., 254 F.3d 1317, 1321 (11th Cir. 2001). Since plaintiff has filed a timely motion to remand, i.e., within thirty days of the filing of the notice of removal, 28 U.S.C. § 1447(c), the procedural requirement must be enforced.

Defendant's reliance on a potential amended complaint does not toll the thirty day period. Not only is waiting almost a year unreasonable, but the time limitation is not subject to tolling or an extension of time by the parties or the Court if the Complaint is initially removable. Liebig v. DeJoy, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993). Here, defendant concedes that the Complaint was initially removable. (Doc. #1, ¶ 9.) Therefore, the time for removal was not tolled and was untimely.

Defendant's reliance on the second portion of § 1446(b) is also misplaced. The exception provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). This exception does not apply in this case because, as defendant concedes, federal jurisdiction was present based on the *initial* pleading. (Doc. #1, ¶ 9.) The Complaint asserted over $7 million in damages and there was complete diversity of citizenship. The exception only applies to cases where federal jurisdiction was *not* present on the face of the initial pleading, but becomes apparent upon the filing of an amended pleading.

Finally, the filing of a counterclaim cannot provide a proper basis for the removal. The counterclaim was filed well after the thirty day time period, and is therefore does not render removal timely. Additionally, in the counterclaim Evanston is effectively a plaintiff, and removal is only permitted by a defendant. Shamrock Oil & Gas Corp. V. Sheets, 313 U.S. 100 (1941); 28 U.S.C. § 1441(a). While some or all components of the counterclaim may have been filed originally in federal court, Evanston did not do so. The Court sees no basis to retain a portion of an untimely

removed cased simply because defendant could have, but did not, file its claim directly in federal court.

## III.

Plaintiff seeks attorney's fees and costs for the removal, arguing that defendant lacked an objectively reasonable basis for the removal. Under Section 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses, including attorney fees, is a matter within the sound discretion of the court, as guided by the principles discussed in Martin v. Franklin Capital Corp., 546 U.S. ___, 126 S. Ct. 704, 711 (2005) and Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1329 (11th Cir. 2006). In light of the undisputed discussions between counsel preceding the removal, the Court does not find that the removal was objectively unreasonable under all the circumstances. The Court, in the exercise of its discretion, will therefore deny the request for fees and costs in this case.

Accordingly, it is now

ORDERED:

1. Plaintiff's Motion for Remand and Attorneys' Fees and Costs (Doc. #4) is **GRANTED IN PART AND DENIED IN PART**. The motion for remand is granted and the Clerk is directed to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for

Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court. The motion for attorneys' fees and costs is denied.

    2. The Clerk is further directed to terminate all pending motions and deadlines and close this case.

    DONE AND ORDERED at Fort Myers, Florida, this __26th__ day of July, 2006.

Copies:
Counsel of record
DCCD

                                  _/s/ John E. Steele_
                                  JOHN E. STEELE
                                  United States District Judge